```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WONDER WILLIAMS,

                                Plaintiff,
v.

MRS. NOVAK, Representative of Estate of Corr. Officer
Novak; HAROLD GRAHAM, Superintendent, Auburn         9:16-CV-1211
Corr. Facility; ROBINSON, First Deputy (formerly     (GTS/TWD)
Deputy of Sec.), Auburn Corr. Facility; BRIAN
CHUTTEY, Captain/Deputy Superintendent, Auburn
Corr. Facility; QUINN, Lieutenant, Auburn Corr.
Facility; FAGAN, Captain/Deputy Superintendent,
Auburn Corr. Facility; DONNELLY, Sergeant, Auburn
Corr. Facility; and ANTHONY J. ANNUCCI, Comm'r,
NYS DOCCS,

                                Defendants.
_____
```

APPEARANCES:                                OF COUNSEL:

WONDER WILLIAMS, 10-A-0102
  Plaintiff, *Pro Se*
Five Points Correctional Facility
Caller Box 119
Romulus, NY 14541

HON. BARBARA UNDERWOOD                      AIMEE M. PAQUETTE, ESQ.
Attorney General for the State of New York  Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, NY 12224

GLENN T. SUDDABY, Chief United States District Judge

## **DECISION and ORDER**

      Currently before the Court, in his *pro se* prisoner civil rights action filed by Wonder

Williams ("Plaintiff") against the eight above-captioned employees of the New York State

Department of Corrections and Community Supervision ("Defendants"), is the Report-

Recommendation of United States Magistrate Judge Thérèse Wiley Dancks recommending that Defendants' motion for summary judgment be granted in part and denied in part. (Dkt. No. 72.) The parties have not filed Objections to the Report-Recommendation, and the time in which to do so has expired. (*See generally* Docket Sheet.)

After carefully reviewing all of the papers in this action, including Magistrate Judge Dancks' thorough Report-Recommendation, the Court can find no clear error in that Report-Recommendation.[1] Magistrate Judge Dancks employed the proper legal standards, accurately recited the facts, and correctly applied the law to those facts. (Dkt. No. 72.) As a result, the Court accepts and adopts Magistrate Judge Dancks' Report-Recommendation in its entirety for the reasons stated therein. (*Id*.)

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 72) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 39) is **GRANTED in part** and **DENIED in part** in accordance with the Report-Recommendation; and it is further

---

[1] When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id*.; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

**ORDERED** that all of the claims in Plaintiff's Complaint (Dkt. No. 1) are **DISMISSED EXCEPT** for the following claims, which **SURVIVE** Defendants' motion and **REMAIN PENDING** for trial:

    (1) Plaintiff's Eighth Amendment conditions-of-confinement claim against Defendants Novak and Donnelly related to cell I-3;

    (2) Plaintiff's First Amendment retaliation claims against Defendant Novak other than his retaliation claim against Defendant Novak related to his being moved to, and kept in, cell I-3; and

    (3) Plaintiff's supervisory liability claim against Defendant Graham related to his underlying Eighth Amendment conditions-of-confinement claim; and it is further

**ORDERED** that Pro Bono Counsel be appointed for the Plaintiff for purposes of trial only; any appeal shall remain the responsibility of the plaintiff alone unless a motion for appointment of counsel for an appeal is granted; and it is further

**ORDERED** that upon assignment of Pro Bono Counsel, a pretrial conference with counsel only will be scheduled in this action, at which time the Court will schedule this case for trial. The parties are directed to appear at that pretrial conference with settlement authority.

Dated: September 12, 2018
      Syracuse, New York

                                          HON. GLENN T. SUDDABY
                                          Chief United States District Judge