UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WONDER WILLIAMS,

                      Plaintiff,

v.                                                                                      9:16-CV-1211
                                                                                           (GTS/TWD)

MRS. NOVAK, as Representative of the Estate of
Christopher Novak; PATRICK DONNELLY; and
HAROLD GRAHAM,

                      Defendants.
_____

## ORDER

The above-captioned prisoner civil rights action came before the Court for a trial by jury on July 29, 2019. After a verdict was rendered for Defendants Patrick Donnelly and Harold Graham and against Defendant Christopher Novak on July 31, 2019, but before that verdict was accepted by the Court (because the Court still had to determine Defendant Novak's defense of qualified immunity), the parties settled the action on the record in open court on July 31, 2019.

Two days later, on August 2, 2019, the parties filed a Stipulation of discontinuance with prejudice pursuant to Fed. R. Civ. P. 41(a)[1] with regard to Plaintiff's claims against Defendant Novak only. (Dkt. No. 121.) Based on the parties' express representations and concessions on the record in open court on July 31, 2019, the Court finds that the only reasonable and equitable

---

[1] The Court construes the Stipulation as having been filed pursuant to Fed. R. Civ. P. 41(a)(2) (requiring a court order) and not Fed. R. Civ. P. 41(a)(1) (not requiring a court crder) for two reasons: (1) the Stipulation is labeled "Stipulation and Order" and requests that the Court "So Order" the Stipulation; and (2) the Stipulation is signed by Assistant Attorney General Cowan as attorney for Defendant Novak but not as attorney for Defendants Donnelly and Graham (and Fed. R. Civ. P. 41[a][1][A][ii] requires that such a stipulation be signed "by all parties who have appeared").

construction of the parties' settlement was that it included Plaintiff's agreement to be bound by the jury's verdict with regard to his Eighth Amendment claim against all three Defendants, in other words, it was an agreement to discontinue the *entire* action.

Because the Court finds the terms of the settlement to be proper, the Court approves the parties' settlement and dismisses this entire action with prejudice, pursuant to Fed. R. Civ. P. 41(a)(2). For the sake of thoroughness, the Court will also sign the "So Ordered" signature block at the bottom of the parties' Stipulation.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **<u>DISMISSED</u> with prejudice** pursuant to Fed. R. Civ. P. 41(a)(2).

Dated: August 6, 2019
Syracuse, New York

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge